## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

CLARK HOLLIS. surviving spouse. and LISA WEEMS, surviving daughter of CAROL HOLLIS. deceased.

      Plaintiff,

vs.

PFIZER INC., a Delaware Corporation

      Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, by and through his attorneys, LeHouillier & Associates, P.C., and submits the following for his Complaint:

### JURISDICTION AND VENUE

1.    Clark Hollis is the surviving spouse of Carol Hollis, deceased. Lisa Weems is the surviving daughter of Carol Hollis. deceased. Mr. Hollis is a citizen and resident of the City of Howard. County of Fremont, State of Colorado with a street address of: 9825 U.S. HWY 50, Howard, Colorado 81233. Prior to her demise, Carol Hollis resided with her husband at this address; she, too, was a citizen of the State of Colorado. Lisa Weems is a citizen and resident of the City of Colorado Springs. County of El Paso, State of

1

Colorado with a street address of: 6835 Anchor Point, Colorado Springs, Colorado 80922.

2.      Defendant Pfizer, Inc., is a Delaware Corporation with a business address of: 235 East 42nd Street, New York, NY.

3.      This is a wrongful death case in which it is alleged that Carol Hollis died as a result of ingestion of the drug Celebrex (Celecoxib capsules). The Celebrex was prescribed for Carol Hollis and taken by her in the State of Colorado.

4.      The amount in controversy exceeds the sum of $75,000.00.

5.      This Court has diversity jurisdiction pursuant to 28 USC § 13-32.

### GENERAL ALLEGATIONS

6.      In the fall of 2004, Carol Hollis' primary care physician prescribed Celebrex to be taken by Carol Hollis because of symptoms of arthritis which she was exhibiting. Celebrex (Celecoxib capsules) is a prescription pharmaceutical manufactured and marketed by Defendant Pfizer, Inc.

7.      Carol Hollis took the Celebrex as prescribed until she was hospitalized on April 25, 2005. She was hospitalized for worsening back pain on April 25, 2005 at which time the Celebrex was discontinued and narcotic analgesics were prescribed. Ms. Hollis was discharged from the hospital on April 27, 2005.

8.    Carol Hollis died on April 30, 2005. Her death was the result of a cardiac event precipitated by the Celebrex which she had been taking.

## I. FIRST CLAIM FOR RELIEF

### STRICT LIABILITY

9.    Plaintiff incorporates by reference those allegations set forth in paragraphs one through eight of this Complaint.

10.   In marketing Celebrex, Defendant Pfizer represented to prescribing physicians and the consuming public that it was a safe drug.

11.   Celebrex was not a safe drug. Indeed it carries an increased risk of cardiovascular thrombotic events and myocardial infarctions.

12.   Prescribing physicians and the consuming public were not given full and complete information concerning warnings, precautions, and other factors that should have been taken into consideration prior to prescribing or consuming Celebrex.

13.   The failure of Defendant Pfizer, Inc., to give appropriate information, warnings, and directions regarding Celebrex was a proximate cause of the death of Carol Hollis and the Defendant is strictly liable therefore.

14.   Due to the direct and proximate result of Defendant Pfizer, Inc.'s actions, Plaintiff Clark Hollis has suffered damages and losses as a result of the wrongful death of his spouse, Carol Hollis. Plaintiff's specific damages

3

include a loss of his spouse's society, companionship, affection, and economic support. In addition, the Plaintiff himself has suffered grief and other psychic trauma as a result of his wife's wrongful death.

## II. SECOND CLAIM FOR RELIEF

## NEGLIGENT FAILURE TO WARN

15. Plaintiff incorporates by reference, those allegations set forth in paragraphs one through 14 of this Complaint.

16. Defendant Pfizer had a duty to adequately warn of the foreseeable dangers and side effects associated with the use of Celebrex. Defendant Pfizer, Inc. breached that duty by failing to adequately warn of known and potential dangers and side effects associated with the use of Celebrex.

17. Prior to the fall of 2005, the Defendant Pfizer, Inc. knew or should have known that an increased risk of serious cardiovascular thrombotic events and myocardial infarctions in patients taking Celebrex and that there was an increased risk of patients with cardiovascular disease or patients at risk for cardiovascular disease. The failure of Defendant Pfizer, Inc. to adequately warn of the known dangers and side effects associated with the use of Celebrex was a proximate cause of the wrongful death of Carol Hollis.

18. As a result of Defendant Pfizer Inc.'s negligent failure to warn of known and potential side effects associated with the use of Celebrex, Plaintiff

4

Clark Hollis sustained those damages and losses set forth in paragraph 14 above.

WHEREFOR, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant in such sum as will reasonably compensate the Plaintiff for his damages and losses together with interest, costs, and such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 17th day of April, 2007

LeHOUILLIER & ASSOCIATES

**s/Patric J. LeHouillier**

Patric J. LeHouillier, #7984
LeHouillier & Associates
90 S. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
Telephone: (719) 471-1330
FAX: (719) 473-3292
E-Mail: deb@lehouillier.net

Plaintiffs' addresses:

Clark Hollis
9825 US HWY 50
Howard Colorado 81233

Lisa Weems
6835 Anchor Point
Colorado Springs, Colorado 80922

5